IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MARK ASHLEY FORD,

    Plaintiff,

v.                                  CIVIL ACTION NO.: CV511-015

DR. GHISLAIN PERRON; CORNELL
CORRECTIONS CORPORATION;
and BRIAN OWENS, Commissioner
Georgia Department of Corrections,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Long State Prison in Ludowici, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at D. Ray James Prison in Folkston, Georgia. Defendant Brian Owens ("Owens") filed a Motion to Dismiss, to which Plaintiff responded. For the reasons which follow, Owens' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he suffers from Crohn's disease and that Defendant Owens created a policy or custom to delay or deny medical treatment for inmates at D. Ray James Prison as a cost-saving measure.

Owens contends that Plaintiff's claims against him in his official capacity should be dismissed. Owens also contends that Plaintiff fails to state viable Eighth

AO 72A
(Rev. 8/82)

Amendment claims against him. Owens further contends that he is entitled to qualified immunity.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Official Capacity Claims**

Owens asserts that Plaintiff's monetary damages claims against him in his official capacity are barred by the Eleventh Amendment. A lawsuit against a prison official in his official capacity is no different from a suit against the government itself; such a defendant is immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). As Plaintiff's monetary damages claims against Owens in his official capacity would be claims against the State of Georgia, this portion of Owens' Motion should be **granted**.

II. **Eighth Amendment Violations**

Owens asserts that Plaintiff does not allege that he had any personal involvement in Plaintiff's medical treatment, just that Doctor Perron carried out policies Owens put in place. Owens contends that Plaintiff fails to identify any such policy, procedure, or custom he put in place and which Doctor Perron followed. Accordingly, Owens alleges, Plaintiff's vague and conclusory allegations are insufficient to state a claim upon which relief may be granted.

Plaintiff asserts that there were many instances of constitutional violations which occurred a D. Ray James Prison which constitute a history of widespread abuse. Plaintiff avers that D. Ray James Prison was under the policy and custom of Owens, the Commissioner of the Georgia Department of Corrections.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional

violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, No. 11-10104, 2011 WL 3585815, at *8 (11th Cir. Aug. 16, 2011). A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Bryant, 575 F.3d at 1299. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. at 1299-1300.

In support of his contention that a history of widespread abuse existed at D. Ray James Prison regarding the medical treatment of inmates, Plaintiff cites numerous cases which were filed by inmates at the Prison against prison officials. However, these cases[1] do not support a finding of a widespread history of abuse, as all of these cases were dismissed. Baldwin v. Benjamin, CV509-372 (M.D. Ga.) (finding the plaintiff received medical care, just not the type of care plaintiff wished); Jackson v. Jackson, CV508-11 (S.D. Ga.) (finding on summary judgment plaintiff failed to create genuine issue of fact regarding his deliberate indifference claim); Black v. Perron, CV508-33

---

[1] The undersigned cites only to the cases which alleged deliberate indifference to serious medical needs, as this alleged violation is the basis of Plaintiff's cause of action.

4

(S.D. Ga.) (dismissed for failure to exhaust his administrative remedies); Gelis v. D. Ray Correctional Facility, CV509-22 (S.D. Ga.) (finding no constitutional violation); Brown v. Owens, CV510-117 (S.D. Ga.) (finding no viable constitutional violation; appeal dismissed as frivolous); and Bostick v. Harden, CV510-12 (S.D. Ga.) (failure to state a claim). Moreover, Owens was not even named as a defendant in any of these causes of action, save Baldwin v. Benjamin, CV5:09-372 (M.D. Ga.).[2] However, even if being named as a defendant in that cause of action provided Owens with notice of alleged problems with medical treatment at D. Ray James Prison, this is not enough to establish a pattern or history of widespread abuse. Williams v. Santana, 340 F. App'x 614, 617 (11th Cir. 2009) ("[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."). Further, Plaintiff only benches his assertion in the most general of terms, which is insufficient to survive a motion to dismiss.

Additionally, Plaintiff points to no specific policy or procedure Owens allegedly put into place regarding the medical care and treatment of inmates at D. Ray James Prison. Plaintiff contends that he was injured "through 'policies and customs' created by" Owens (Doc. No. 1, p. 6); that Owens, as the Commissioner, is responsible for the policies and procedures his staff enforces in the housing and treatment of state prisoners; due to these policies, which are given the "force of law" by Owens' authority, Cornell Corrections Corporation was allowed to cut housing costs to the point that medical care at the prison was "totally denied on a regular basis[ ]" (id. at p. 9); and Owens had policies in place to appear to be in compliance with due process but were

---

[2] Owens' predecessor in office, James Donald, was named as a defendant in Black v. Perron, CV508-33, but he was dismissed upon initial frivolity review.

5

only there to delay and ignore severe constitutional violations at the Prison. Plaintiff also contends that several inmates died due to a lack of medical care while he was housed at D. Ray James Prison, and Owens either ignored these deaths or "signed off" on investigations so Cornell Corrections Corporation could continue making money. (Id. at p. 15).

Plaintiff's allegations against Owens are conclusory and vague and indicate that Plaintiff's claims against Owens are based solely on his position as the Commissioner of the Georgia Department of Corrections. This portion of Owens' Motion should be **granted**.

It is unnecessary to address the remaining grounds of Owens' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Owens' Motion to Dismiss be **GRANTED** and that Plaintiff's claims against Owens be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)